RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0016P (6th Cir.)
File Name: 04a0016p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

TIMOTHY A. WITHAM,
  *Petitioner-Appellant,*

  *v.*

No. 02-5700

UNITED STATES OF AMERICA,
Probation Office, Bowling
Green Kentucky; UNITED
STATES MARINE CORPS;
UNITED STATES DEPARTMENT
OF THE NAVY,
  *Respondents-Appellees.*

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 01-00013—Joseph H. McKinley, Jr., District Judge.

Argued: October 29, 2003

Decided and Filed: January 14, 2004

Before: RYAN, MOORE, and ROGERS, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** George A. Gallenthin, Philadelphia, Pennsylvania, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellees. **ON BRIEF:** George A. Gallenthin, Philadelphia, Pennsylvania, for Appellant. Terry M. Cushing, Candace G. Hill, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellees.

———————————

## OPINION

———————————

ROGERS, Circuit Judge. The petitioner-appellant, Timothy A. Witham, appeals from the district court's denial of a habeas corpus petition challenging his conviction by general court-martial of several counts of larceny and wrongful disposition of government property. Witham raised five issues for habeas review before the district court: (1) that there was no verbatim record of the trial proceedings, (2) that the Convening Authority[1] lacked proper authority to refer charges against Witham to the court-martial, (3) that his Fifth and Sixth Amendment rights were violated when the prosecution only subpoenaed two of fourteen witnesses Witham had requested to be procured for his defense, (4) that he received ineffective assistance of counsel at his court-martial, and (5) that his Fifth Amendment right to confront witnesses was violated at trial. Witham's main contention before us appears to be that the district court should have

———————————

[1]Under military law, the Convening Authority is the military commanding officer who is authorized to convene and refer charges to a court-martial. *See* 10 U.S.C. §822(a). In this case, the Convening Authority was Major General Ray Smith.

granted Witham an evidentiary hearing prior to rejecting his habeas corpus petition.

No certificate of appealability was required for us to hear this appeal from the denial of this federally court-martialed defendant's habeas corpus petition. Contrary to Witham's argument on appeal, the district court properly refused to hold a hearing, where three of Witham's claims were fully and fairly litigated in the military courts, and the remaining two claims were raised for the first time in the district court. We therefore affirm the judgment of the district court.

On April 9, 1998, Witham, then a Staff Sergeant in the United States Marine Corps, was convicted of multiple offenses arising from a conspiracy to steal and re-sell military property, weapons and explosives. Witham was sentenced to confinement for five years, dishonorable discharge, and forfeiture of all pay and allowances.

After approval of the sentence, the Convening Authority forwarded the trial record to the Navy-Marine Corps Court of Criminal Appeals for review.[2] On appeal, Witham claimed that (1) the Government wrongfully refused to subpoena witnesses, (2) he received ineffective assistance of counsel, (3) his rights under the Fifth Amendment Due Process Clause were violated by excessive post-trial delay, (4) the Convening Authority was disqualified because two of Witham's co-conspirators had received favorable treatment in sentencing, (5) the Commandant of the Marine Corps exerted unlawful command influence in posting a message to a "military-oriented web site," and (6) the trial record was not verbatim. The court affirmed Witham's conviction and sentence.

In affirming, the Court of Criminal Appeals fully addressed three of the claims Witham raises before us. The court considered Witham's claim that the prosecution failed to subpoena witnesses, finding that he had waived it by failing to object at trial. The court rejected Witham's ineffectiveness claim on its merits, finding that his detailed defense counsel had performed effectively and demonstrated thorough pre-trial preparation. The court also addressed the merits of Witham's claims regarding the trial record, finding that there was no showing of "substantial omissions" and that, therefore, his claim failed.

After losing in the Court of Criminal Appeals, Witham filed a Petition for a Grant of Review in the United States Court of Appeals for the Armed Forces. The Court of Appeals for the Armed Forces refused to hear Witham's claims.

Having exhausted his military remedies, Witham then sought habeas corpus review in the district court.[3] Witham's petition, raising five issues, contended that (1) no verbatim transcript of the general court martial exists, (2) the convening authority lacked authority to refer charges against Witham, (3) Witham's due process and Sixth Amendment rights were violated because the prosecution subpoenaed only two of the fourteen witnesses requested by Witham, (4) Witham received constitutionally ineffective assistance due to trial counsel's inadequate pretrial preparation and trial errors, and (5) Witham's Fifth Amendment right to confront witnesses was violated because the military court refused to allow a particular tape to be played into the record in its entirety.

---

[2] 10 U.S.C. §866(b)(1) provides for automatic review in the Court of Criminal Appeals of any case "in which the sentence, as approved, extends to . . . dishonorable or bad-conduct discharge, or confinement for one year or more."

[3] Witham actually filed his petition in the district court prior to the final disposition of his military appeals, but once his military appeals were exhausted, the Government answered his petition and the proceeding went forward.

The case was referred to a magistrate, who recommended denial of the petition. The magistrate judge explained first that the district court's review of a court-martial proceeding is limited to a consideration of whether the petitioner's claims were given a "full and fair consideration by the military courts." The magistrate judge concluded, after a review of the record, that the military courts had, in fact, fully and fairly considered the claims Witham raised before them. These included his assertions regarding the completeness of the trial record, the Government's failure to subpoena defense witnesses, and the alleged ineffectiveness of defense counsel. The magistrate judge further found that Witham had failed to raise his remaining two claims before the military courts and that Witham had therefore procedurally defaulted those claims. The magistrate judge also recommended that the district court deny Witham a certificate of appealability on the grounds that Witham could not demonstrate that reasonable jurists would debate the validity of the district court's ruling.

The district court adopted the recommendation of the magistrate, refused to grant an evidentiary hearing, denied the petition, and denied a certificate of appealability.

Witham appeals from the district court's judgment. On this appeal he urges us to find that his petition has been "mislabeled" as a petition arising under 28 U.S.C. §2241 and that it, in fact, arises under §2255. Witham further urges us to find that §2255 guarantees him an evidentiary hearing and that the district court erred by not granting him that hearing with respect to the five issues that he raised in the district court. Because the district court did not abuse its discretion when it denied Witham an evidentiary hearing, we affirm.

We review *de novo* a district court's legal determinations in resolving a petition for habeas corpus. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). The denial of an evidentiary hearing in a habeas corpus case, however, is reviewed only for an abuse of discretion. *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).

First of all, as the government properly concedes, this court may consider this appeal despite the absence of a certificate of appealability. As we explain below, Witham's claim is properly brought under 28 U.S.C. §2241 and not under 28 U.S.C. § 2255. The federal statutory provision requiring a certificate of appealability applies to (A) final orders in habeas cases where detention arose "out of process issued by State court" and (B) final orders under §2255. 28 U.S.C. §2253(c)(1). Neither category applies here. The statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process. This result may be anomalous, since there is little discernible reason to exempt collateral challenges to court-martial convictions from the general certificate-of-appealability requirement with respect to federal court collateral challenges to state or federal criminal convictions. Nonetheless, the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where, as in court-martial cases, detention arose out of federal process but the proceeding is not under § 2255.

For reasons that are not entirely clear, Witham maintains that his claim is, in actuality, a motion to vacate sentence under 28 U.S.C. §2255. In pertinent part, that provision provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or is otherwise subject to collateral attack, may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. §2255 (emphasis added). Undoubtedly, Witham is a "prisoner in custody under sentence of a court established by Act of Congress." *See* 10 U.S.C §§817-818 (setting forth

the jurisdiction of courts-martial). Furthermore, he claims jurisdictional and Constitutional infirmities in his sentence. That does not change the fact, however, that Witham cannot petition *the court which imposed the sentence* for relief.

General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a §2255 motion. *Gilliam v. Bur. of Prisons*, No. 99-1222, 2000 WL 268491, at *1 (8th Cir. March 3, 2000) (unpub.). Moreover, neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides for collateral review within the military courts. *See United States v. Murphy*, 50 M.J. 4, 5 (C.A.A.F. 1998).

Our decisions indicate that §2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003), we explained that Congress enacted §2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from §2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id*. The savings clause of §2255 provides that, on a showing that the §2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under §2241. This clause applies to the military prisoner, because the court-martial immediately dissolves after sentencing and is no longer available later to hear a collateral attack on the sentence. *See also Clinton v. Goldsmith*, 526 U.S. 529, 537 n. 11 (citing § 2241(c) as authority for proposition that habeas corpus is available to servicemembers in custody pursuant to court martial).

On the merits, the district court properly determined that Witham is not entitled to relief. As the magistrate judge explained, three of Witham's claims were fully and fairly considered by the military courts. Where there is no colorable jurisdictional question, a finding of full and fair consideration ends our habeas corpus inquiry. *See Burns v. Wilson*, 346 U.S. 137, 142 (1953); *see also Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993) ("[I]f the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied."). Witham's two remaining claims were procedurally defaulted. Where a petitioner has failed to raise a claim in the military courts, a federal court will not review the claim unless the petitioner has established "cause" and "prejudice" for failing to raise the error. *Lips*, 997 F.2d at 812 (*citing Murray v. Carrier*, 477 U.S. 478, 491 (1986)). As the magistrate below noted, Witham made no effort to show "cause" or "prejudice" to excuse his procedural defaults. The district court therefore properly accepted the magistrate's recommendation not to review those claims on the merits.

Witham's primary argument before this court is that the district court should have granted a hearing on his claims. Regardless of whether Witham seeks collateral review under § 2241 or § 2255, his assertion on appeal that he was entitled to an evidentiary hearing is baseless. Witham points to no authority standing for the proposition that a petition under §2255 is entitled to an automatic evidentiary hearing. Moreover, we have consistently held that a district court's denial of an evidentiary hearing subsequent to a §2255 motion or a petition for habeas corpus is reviewed for an abuse of discretion. *See, e.g., Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003); *Lott, supra*. The district court in this case did not abuse its discretion by refusing to grant Witham a hearing.

Witham relies on *Townsend v. Sain*, 372 U.S. 293, 313 (1963), to assert that the district court was required to conduct

an evidentiary hearing. In *Townsend*, the Court held that, where there is a factual dispute, "the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding." *Id.* at 312. *Townsend*, however, does not support Witham's position. Even assuming—without deciding the question—that *Townsend* applies in the military context, it nevertheless applies only where the petitioner can show that he was not afforded a full and fair evidentiary hearing in the courts below. Witham has not made any showing that the military courts failed fully and fairly to gather and evaluate the evidence relating to his claims. Even if Witham had tried to make such a showing, the record indicates that he would have failed. The Navy-Marine Corps Court of Criminal Appeals evaluated a detailed record from the court-martial on each of the claims Witham presented to it.

Moreover, the *Townsend* Court made it clear that, where a petitioner asserted that he had not received a full and fair evidentiary hearing in a state court, the district court retained the discretion to make the threshold determination of whether or not a full and fair hearing occurred in the lower courts. The court explained, "[o]ur final category [the circumstance under which a habeas applicant did not receive a full and fair hearing] is intentionally open-ended because we cannot here anticipate all the situations wherein a hearing is demanded. It is the province of the district judges first to determine such necessities in accordance with the general rules." *Id.* at 317-18.

The standard the district courts must apply requires them first to determine whether a factual dispute exists, and second, to determine whether the record conclusively shows that the petitioner is not entitled to relief. *Ross*, 339 F.3d at 490. Only if the court finds a factual dispute and that the petitioner may be entitled to relief should it grant an evidentiary hearing.

Under the second prong of analysis, the record before us conclusively shows that Witham is *not* entitled to relief. As explained above, two of his claims are procedurally defaulted, and the remaining three claims were fully and fairly considered by the military courts. Not only has Witham never made the effort to argue that his claims were not fully and fairly considered, but the record clearly shows that they were. Because Witham is conclusively not entitled to relief, no hearing was required.

Finding no abuse of discretion, we AFFIRM the judgment of the district court.