Michael R. MCELHANEY,
Petitioner–Appellant,

v.

Daniel A.J. ERKER, Respondent–
Appellee.

No. 03–5817.

United States Court of Appeals,
Sixth Circuit.

April 30, 2004.

Michael R. McElhaney, Fort Knox, KY, pro se.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney,

U.S. Attorney's Office, Louisville, KY, for Respondent–Appellee.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

*ORDER*

Michael R. McElhaney, a pro se military prisoner confined in the Fort Knox Correctional Facility, appeals the district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a court-martial convicted McElhaney of attempted carnal knowledge, carnal knowledge, indecent acts, and sodomy for acts he committed while serving in the United States Air Force in the Philippines. He received a dishonorable discharge, a reduction in grade, and a sentence of twenty years of imprisonment. The Convening Authority affirmed the convictions but reduced McElhaney's sentence to fifteen years. McElhaney appealed to the Air Force Court of Criminal Appeals (AFCCA), and petitioned the United States Court of Appeals for Armed Forces (CAAF) to review the AFCCA's decision. The CAAF set aside two counts as barred by the statute of limitations and remanded the case to the AFCCA for resentencing. The AFCCA reassessed McElhaney's sentence but left it at fifteen years. McElhaney again sought review by the CAAF. The CAAF granted review but affirmed the sentence.

McElhaney filed his § 2241 petition in the district court in July 2002, raising six claims: (1) the military judge erred in denying his motion to compel the production of Juanito Perez, Ernest Joy, and Thomas Richter as witnesses for the defense; (2) the judge erred in limiting cross-examination of the victim; (3) the evidence at trial was insufficient to sustain the findings of guilt; (4) the judge erred in instructing on the inconsistent testimony of his wife without so instructing as to the testimony of the victim; (5) the CAAF abused its discretion when it affirmed the AFCCA's reassessment of his fifteen-year term of imprisonment; and (6) the Uniform Code of Military Justice is unconstitutional as applied during peacetime to criminal tribunals. The magistrate judge recommended denying the petition, concluding that McElhaney had received full and fair consideration of the first five claims and that he had procedurally defaulted his sixth claim. The district court adopted the magistrate judge's report and recommendation over McElhaney's objections and denied the petition.

On appeal, McElhaney reasserts the claims from his petition. He has also moved for the appointment of counsel.

We review de novo a district court's judgment dismissing a habeas corpus petition. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir.2004); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). In the absence of a colorable jurisdictional question, the petition should be denied if the military gave the petitioner full and fair consideration to his claims. *Burns v. Wilson,* 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); *Witham,* 355 F.3d at 505. "Where a petitioner has failed to raise a claim in the military courts, a federal court will not review the claim unless the petitioner has established 'cause' and 'prejudice' for failing to raise the error." *Witham,* 355 F.3d at 505.

Upon review, we affirm the district court's decision for the reasons stated by the district court. The record indicates that McElhaney presented his first five claims either at trial, on appeal, or both.

Because the military courts addressed these claims, the district court properly held that McElhaney received full and fair consideration of those claims. *See Burns,* 346 U.S. at 142; *Witham,* 355 F.3d at 505.

■ We also agree with the district court that McElhaney procedurally defaulted claim (6). At no point in the military proceedings did he argue that the Uniform Code of Military Justice is unconstitutional as applied during peacetime to criminal tribunals. Moreover, he did not show cause and prejudice for failing to do so. Thus, the district court properly held that McElhaney was not entitled to § 2241 habeas review of that claim. *See Witham,* 355 F.3d at 505.

For the foregoing reasons, we deny McElhaney's motion for the appointment of counsel and affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.