Kirk BYINGTON, Petitioner–Appellant,

v.

WARDEN, FEDERAL MEDICAL CENTER; Director, Federal Bureau of Prisons; John Ashcroft, Attorney General; Donald Rumsfeld, Secretary of the Department of Defense; United States Department of Defense, Respondents–Appellees.

No. 03–6263.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Kirk Byington, Lexington, KY, pro se.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

### ORDER

Kirk Byington, a military prisoner proceeding pro se, appeals the district court order dismissing without prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Byington is currently a prisoner confined at the Federal Medical Center in Lexington, Kentucky. He filed this petition for a writ of habeas corpus challenging his court martial. The district court reviewed Byington's petition pursuant to 28 U.S.C. § 2243. *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970); *see also Thompson v. Gaffney,* 540 F.2d 251, 254 (6th Cir.1976). The district court dismissed Byington's petition without prejudice because he failed to plead his claims plainly and clearly pursuant to Fed. R.Civ.P. 8(a)(2) and 8(e)(1). Byington filed a notice of appeal and a brief with this court.

Byington identifies two pertinent grounds for relief in this appeal: 1) that the district court erred in dismissing his complaint without first testing Byington's general court martial of January 27 and 28, 1998, for competent jurisdiction; and 2) that the district court erred in determining that Byington's claim was not sufficiently clear pursuant to Fed.R.Civ.P. 8(a)(2) and 8(e)(1). In addition, Byington lists six more issues on appeal that appear to reiterate his original argument: 3) that the court martial must explicitly state its basis for jurisdiction; 4) that Byington's court martial did not conform to the Manual for Court Martial in certain technical respects in so far as the detailing of judges and the convening of the general courts martial were concerned, thus rendering the court void of jurisdiction; 5) that Byington's charges were withdrawn and re-referred to another court martial, rendering the proceedings listed under one or the other general court martial incomplete and thus jurisdictionally void; 6) that if the statutory requirements and rules for jurisdiction are not satisfied, there is no tribunal authorized by law to enter the judgment; 7) that the military judge used the word "case" instead of "court" when she detailed herself to the proceedings; and 8) that another military judge detailed himself to the court, but failed to mention by whom he was detailed, also a jurisdictional defect.

This court reviews de novo a district court's legal determinations in resolving a petition for a writ of habeas corpus. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir.2004); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Byington, an army sergeant stationed in Germany, was charged with attempted murder, rape, willfully and wrongfully confining and holding the victim against her will, and wrongfully having sexual intercourse with a woman not his wife. An investigative hearing was conducted, and Major General David L. Grange referred the charges and specifications to the general court martial convened by Court Martial Convening Order Number 59, dated October 27, 1997. At a hearing on January 26, 1998, the court took notice of General Court Martial Convening Order Number 3, dated January 21, 1998, and

accepted Byington's not guilty pleas. Byington was tried by general court martial on January 27 and 28, 1998, in Wuerzburg, Germany. The Department of the Army Result of Trial report indicates that Byington was found guilty of rape as well as assault consummated by a battery. He was sentenced to a reduction in rank, forfeiture of all pay and allowances, and confinement of twenty years, in addition to a dishonorable discharge.

Byington argues that the district court erred in determining that his claims were not sufficiently clear pursuant to Fed. R.Civ.P. 8(a)(2) and 8(e)(1). While Byington asserts that his claims are clear, his argument with regard to exhaustion of remedies is vague and incomplete. As the district court properly observed, Byington has not provided the court with any information as to what claims he raised in his military appeals.

Federal courts will not generally entertain habeas corpus petitions by military prisoners unless all available military remedies have been exhausted. *Schlesinger v. Councilman*, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). When a petitioner has failed to raise a claim in the military courts, a federal court will not review the claim unless the petitioner has established cause and prejudice for failing to first raise it in the military courts. *Witham*, 355 F.3d at 505. Byington has simply not provided enough information about his appeals within the military courts to determine whether his claims have been exhausted. The district court has discretion to respond in a number of ways to this deficiency in the petition. *Dorsey v. Gill*, 148 F.2d 857, 869 (D.C.Cir.1945). The district court chose to dismiss the petition without prejudice to give Byington a chance to substantiate his claims of exhaustion.

Byington argues that the district court erred in dismissing his complaint without first testing his general court martial of January 27 and 28, 1998, for competent jurisdiction. However, this court cannot evaluate any of Byington's substantive claims, including challenges to jurisdiction, unless they are first exhausted in the military courts. *See Schlesinger*, 420 U.S. at 754, 95 S.Ct. 1300. Thus, Byington's arguments on appeal are not subject to review by this court until he shows that his military remedies as to those claims have been exhausted.

Accordingly, this court affirms the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.