**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3844
_____

ANTHONY R. LUCERO,

Appellant

v.

RICARDO MARTINEZ, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-00142)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2013
Before:  SLOVITER, GREENAWAY, JR, and NYGAARD, Circuit Judges

(Opinion filed: April 23, 2013)
_____

OPINION
_____

PER CURIAM

Anthony Lucero is a military prisoner in the custody of the Federal Bureau of

Prisons at USP Lewisburg.  Proceeding pro se, he seeks review of the District Court's

denial of his 28 U.S.C. § 2241 habeas corpus petition.  We will affirm.

I.

Via a court-martial, Lucero was charged with his 2001 desertion from the United States Army and the slaying of "Specialist F," who was allegedly having an affair with Lucero's wife. Although charges were brought in January 2002, the criminal proceedings were continued several times. Lucero was represented originally by military defense counsel, but he indicated a desire to retain a private, civilian attorney, John Galligan, shortly before his trial was to begin. Attorney Galligan requested a substantial continuance (which the prosecution opposed) for the purpose of reviewing the record and obtaining discovery. While realizing that denying the request would functionally prevent Galligan from representing Lucero, the presiding judge nevertheless determined that the equities in favor of proceeding promptly to trial outweighed those in favor of further delay and declined to grant a continuance. Lucero then proceeded to trial with his military attorneys, was convicted, and was sentenced, in part, to life in prison without parole.

On appeal, Lucero argued, inter alia, that the trial judge abused her discretion by denying Galligan's motion for a continuance, thus depriving him of his choice of counsel. See Gov't Ex. 169–84, ECF Nos. 16-3 & 16-4. In so doing, Lucero (through appellate counsel) relied on the relevant standard for abuse of discretion in the context of continuances contained in United States v. Miller, 47 M.J. 352, 357–58 (C.A.A.F. 1997). Addressing Miller's twelve factors at length,[1] the United States Army Court of Criminal

---

[1] The court observed that "the military judge did not specifically cite these factors in her findings or articulate the balancing of these factors on the record," and thus gave "her evidentiary ruling . . . less deference." Id. at *18 n.8.

Appeals held that "the military judge did not abuse her discretion in denying the requested continuance." See United States v. Lucero, Army 20020869, 2007 CCA LEXIS 616, at *18–26 (A. Ct. Crim. App. Sept. 17, 2007) (unpublished). In the alternative, the court concluded that any error was harmless beyond a reasonable doubt. Id. at *30. The Court of Appeals for the Armed Forces summarily affirmed. See United States v. Lucero, 67 M.J. 8 (C.A.A.F.) (decision without published opinion), cert. denied, 555 U.S. 1079 (2008).

In 2011, Lucero filed this 28 U.S.C. § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania. He raised two claims, one familiar and one new: he argued that the trial court's denial of the continuance violated his Sixth Amendment right to counsel of choice, but also claimed that his appellate counsel was ineffective for failing to raise a claim based on a Supreme Court decision whose importance "[a]ny first year law student" would have recognized, United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). Pet'r's Mem. of Law 13, ECF No. 2. In responding to the petition, the Government suggested that this new ineffectiveness claim should be dismissed as unexhausted because Lucero could petition the Army Court of Criminal Appeals for a writ of error coram nobis. See Resp. 24, ECF No. 16 (citing Thomas v. U.S. Disciplinary Barracks, 625 F.3d 667, 670 (10th Cir. 2010)).

In a thorough Report and Recommendation (R&R), then-Magistrate-Judge

Mannion recommended that the petition be dismissed.[2] Judge Mannion determined, in part, that a petition of writ of error coram nobis was not required to exhaust the ineffective assistance of appellate counsel claim. Lucero v. Martinez, No. 1:11-0142, 2012 U.S. Dist. LEXIS 132862, at *14–15 (M.D. Pa. Apr. 9, 2012). The District Court adopted the R&R without further analysis, see Lucero v. Martinez, No. 1:11-CV-142, 2012 U.S. Dist. LEXIS 132867 (M.D. Pa. Sept. 18, 2012), and this timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2241 and we have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 & 2253.[3] "We apply de novo review to the legal determinations made by the District Court and review its factual findings for clear error." Armann v. McKean, 549 F.3d 279, 285 n.7 (3d Cir. 2008).

## III.

Lucero renews his contention that denying him his counsel of choice violated his Sixth Amendment rights. We disagree. Lucero fundamentally misreads Gonzalez-

---

[2] The District Court would refer to its disposition as "dismissing" the case, but it is clear that it intended a denial on the merits. Cf. Wilson v. Moore, 178 F.3d 266, 275 (4th Cir. 1999).

[3] A certificate of appealability is not necessary in appeals from "collateral challenges to court-martial convictions." Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004).

We note that Lucero appeared to raise additional claims in his objection to the R&R. Because Lucero did not discuss them in his opening brief, we need not determine whether they were properly invoked below. See Borman v. Raymark Industries, Inc., 960 F.2d 327, 329 n.5 (3d Cir. 1992).

Lopez, which held that when the right to counsel of choice is wrongly denied, the resulting error is "structural" and not subject to harmless-error analysis. Gonzalez-Lopez, 548 U.S. at 148–50. The key phrase, however, is "wrongly denied." When Lucero raised this claim before the Army Court of Criminal Appeals, the Court applied a multi-factor test[4] and determined that the denial of the continuance was not error. To be sure, its *alternative* holding, which deployed an "even-if" harmlessness analysis, may have been incorrect standing by itself because Gonzalez-Lopez error is structural. See United States v. Sellers, 645 F.3d 830, 834, 837–38 (7th Cir. 2011) (holding that Gonzalez-Lopez applied to a wrongful denial of a continuance). But the Army Court of Criminal Appeals paired that ruling with a "full and fair consideration to the claim" that came to a reasonable conclusion; and "when a federal civilian court reviews a habeas corpus petition of a servicemember convicted in the military courts, Burns v. Wilson[, 346 U.S. 137 (1953),] requires the federal habeas court to deny relief where the military courts provided full and fair consideration to the claim or claims asserted in the habeas petition." Armann, 549 F.3d at 286. While Lucero contests the military court's decision, he does not suggest that it lacked fairness, and "the fact that the CAAF issued a summary order disposing of his case . . . does not equate with a finding that it did not fully and fairly consider his" claim. Id. at 292. With regard to Lucero's ineffectiveness claim,

---

[4] Similar tests are used in the Circuit Courts (including this one). See, e.g., United States v. Trestyn, 646 F.3d 732, 739 (10th Cir. 2011); United States v. Mooneyham, 473 F.3d 280, 291 (6th Cir. 2007); United States v. Kikumura, 947 F.2d 72, 78–79 (3d Cir. 1991).

assuming de novo review,[5] appellate counsel could not have been ineffective for failing to invoke Gonzalez-Lopez because, based on the military court's primary holding, the claim could not have succeeded; the trial court's continuance decision was not in error.

## IV.

In sum, we will affirm the District Court's judgment.

---

[5] We need not determine whether the ineffective assistance of appellate counsel claim was completely exhausted. Although AEDPA and its effects on habeas corpus jurisprudence are of limited relevance to military habeas petitions, the ability of a court to deny a petition on the merits notwithstanding incomplete exhaustion predates AEDPA. See, e.g., Granberry v. Greer, 481 U.S. 129, 131–33 (1987); Evans v. Ct. Com. Pl., 959 F.2d 1227, 1231 (3d Cir. 1992) ("[A] district court may deny a claim on its merits despite non-exhaustion if it is perfectly clear that the applicant does not raise even a colorable federal claim.") (internal citations and quotation marks omitted); Petition of Ernst, 294 F.2d 556, 561–62 (3d Cir. 1961).