# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Damian G. KAWAI, | ) | Misc. Dkt. No. 2022-02 |
| Airman First Class (E-3) | ) | |
| *Petitioner* | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | Panel 1 |

On 29 January 2022, Petitioner requested this court grant him extraordinary relief in what he styled as a "Motion for Compassionate Release and Reduction in Sentence," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and the *First Step Act of 2018*, Pub. L. No. 115-391, 132 Stat. 5194 (2018). This court received, by mail, Petitioner's request on 2 March 2022, and docketed his petition on 11 March 2022; the Court did not order briefs by the Government or Petitioner in response. We conclude we do not have jurisdiction to adjudicate Petitioner's request and deny the petition.

## I. BACKGROUND

On 16 November 2001, after an evening of drinking and watching movies, Petitioner murdered CE, another Airman, by smothering him with a pillow after CE had passed out. After Petitioner murdered CE, Petitioner then slit CE's wrists with a knife to make it look like CE committed suicide. At his first trial, Petitioner was charged with premeditated murder, obstruction of justice, and larceny,[1] in violation of Articles 118, 134, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 918, 934, and 921 (*Manual for Courts-Martial, United States* (2000 ed.)). Though Petitioner pleaded guilty to the lesser offense of attempted unpremeditated murder, obstruction of justice, and larceny, the Government prosecuted Petitioner for the greater offense of premeditated murder. On 21 May 2002, a court-martial comprised of a military judge alone found Petitioner guilty of all charged offenses and sentenced him to a dishonorable discharge, confinement for life with eligibility for parole, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

On 15 May 2006, this court published its initial opinion. *See United States v. Kawai*, 63 M.J. 591 (A.F. Ct. Crim. App. 2006). In that opinion, we set aside

---

[1] After he murdered CE, Petitioner stole various entertainment items from CE's room.

his conviction for obstruction of justice and remanded to remedy a post-trial processing error. *Id.* at 599.

In a litigated trial, Petitioner was convicted of the obstruction of justice charge and on 3 October 2006 adjudged the same sentence as described above, which this court affirmed. *See United States v. Kawai*, No. ACM 35366 (reh), 2007 CCA LEXIS 474 (A.F. Ct. Crim. App. 2 Oct. 2007) (unpub. op.). On 24 June 2008, the United States Court of Appeals for the Armed Forces (CAAF) affirmed our decision. *See In re Kawai*, 66 M.J. 495 (C.A.A.F. 2008) (mem). On 13 February 2009, a final general court-martial order executed the dishonorable discharge. Consequently, final judgment as to the legality of the proceedings and all portions of the sentence were ordered executed, thereby rendering the case final under Articles 71(c)(1) and 76, UCMJ, 10 U.S.C. §§ 871(c)(1), 876 (*Manual for Courts-Martial, United States* (2008 ed.)).

Petitioner is currently serving his sentence at the United States Penitentiary, Atwater, California.[2] On 15 April 2021, Petitioner requested that the Federal Bureau of Prisons (BOP) make a motion on his behalf for a sentence reduction pursuant to the "extraordinary or compelling circumstances element codified in 18 U.S.C. § 3582(c)(1)(A)(i)." Petitioner argued he was a good candidate for compassionate release based on (1) the coronavirus disease 2019 (COVID-19) pandemic; (2) his age at the time his crimes were committed; (3) his lengthy term of imprisonment; (4) his rehabilitation efforts; and (5) his belief that he was not a public safety risk. On 25 May 2021, the BOP denied his request, stating that "[r]eleasing [Petitioner] prior to the completion of [his] sentence would greatly minimize the severity of the offense" and after considering the above factors, it "determined that [his] release would pose a danger to the safety of others or the community."[3]

Over 20 years have passed since Petitioner murdered CE. Still incarcerated and proceeding pro se, Petitioner now requests this court grant him a "compassionate release and reduce his sentence of life imprisonment to a term not greater than necessary to achieve the objective of [the] sentence," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the *First Step Act of 2018*. Petitioner argues that he has established "extraordinary and compelling reasons that warrant

---

[2] The court judicially notes that United States Penitentiary Atwater is located in the Judicial District of Eastern California. *See United States v. Williams,* 17 M.J. 207, 214 (C.M.A. 1984) (appellate courts may take judicial notice of indisputable facts).

[3] Petitioner requested that the CAAF provide "extraordinary relief in the nature of a motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." On 29 September 2021, our superior court dismissed Petitioner's request for lack of jurisdiction. *In re Kawai*, 82 M.J. 28 (C.A.A.F. 2021) (mem).

relief," in that (1) "the prison where he resides ha[d] a severe COVID-19 outbreak;" (2) Petitioner's "youthfulness at the time of the instant offenses;" and (3) "new scientific data regarding the underdevelopment of adolescents['] brain[s] until age 25."

## II. LAW

The *First Step Act of 2018*[4] amended "numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Owens*, No. 97-CR-2546-CAB, 2020 U.S. Dist. LEXIS 61460, at *2 (S.D. Cal. 20 Mar. 2020) (internal quotation marks and citations omitted). "One of the changes resulting from the Act is that it 'allows defendants, for the first time, to petition *district courts* directly for compassionate release.'" *Id.* (emphasis added) (citation omitted). As one court recently stated,

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under [18 U.S.C.] § 3582(c)(1)(A).

*United States v. Young*, 458 F.Supp.3d 838, 844 (M.D. Tenn. 4 Mar. 2020) (citation omitted).

Petitioner specifically relies on 18 U.S.C. § 3582(c)(1)(A)(i), in support of his request, which reads in relevant part as follows:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

---

[4] This Act was signed into law on 21 December 2018, and "was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019).

the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . .

(Alteration in original). This provision is referred to as compassionate release. *See* Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019).

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (first citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005); and then citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton*, 526 U.S. at 534–35). "'The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute.'" *Id.* (quoting *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015)).

## III. ANALYSIS

Much like this court addressed in *Chapman*, "the preliminary question is whether this court has jurisdiction to consider a writ petition from a petitioner whose court-martial conviction is final but is continuing to serve his term of confinement." 75 M.J. at 600. Petitioner's request for compassionate release under these particular statutes is a case of first impression for this court. However, while Petitioner did not style his request as a writ of habeas corpus, we will treat his petition as analogous to such in order to resolve the question of whether we have jurisdiction.

The problem for Petitioner is the review of a motion for compassionate release is jurisdictional. "A motion to file for compassionate release can only be brought before the sentencing judge." *Ferguson v. United States*, No. 1:22-cv-10542, 2022 U.S. Dist. LEXIS 50986, at *2 (E.D. Mich. 21 Mar. 2022). Yet, "[g]eneral courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved." *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Because Petitioner's court was dissolved after his case, and because his case is final under Article 76,

UCMJ, there is no sentencing court within the military service courts in which Petitioner may bring a motion under 18 U.S.C. § 3582(c)(1)(A)(i).

However, Congress has charged federal district courts with exercising jurisdiction over habeas corpus petitioners who are imprisoned as a result of court-martial convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953); *Chapman*, 75 M.J. at 601; *see also Gilliam v. Bureau of Prisons*, No. 99-1222, 2000 U.S. App. LEXIS 3684, at *3 (8th Cir. 10 Mar. 2000) (unpub. op.). Federal district court is also the proper venue for Petitioner's motion. *See Owens*, 2020 U.S. Dist. LEXIS 61460, at *2.

Whether Petitioner styled his request as a writ of habeas corpus under 18 U.S.C. § 2241, or as a motion for compassionate release, the jurisdictional issue for this court is the same. We do not have jurisdiction over Petitioner's request.

Accordingly, it is by the court on this 25th day of May, 2022,

**ORDERED:**

The Petitioner's Motion for Compassionate Release and Reduction in Sentence dated 29 January 2022 is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court