**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWIN MARK ACKERMAN,

Petitioner-Appellant,

v.

JUANITA NOVAK, Warden,

Respondent-Appellee.

No. 02-1237
(District of Colorado)
(D.C. No. 00-RB-1648-(CBS))

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.  INTRODUCTION

Appellant Edwin Mark Ackerman ("Ackerman"), a military prisoner, seeks review of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  This court **affirms**.

## II.  BACKGROUND

Ackerman pleaded guilty in court-martial proceedings to rape and larceny in violation of Articles 120 and 121 of the Uniform Code of Military Justice.  *See* 10 U.S.C. §§ 920, 921.  He was sentenced to a reduction in rank, dishonorable discharge, and life imprisonment with confinement suspended after 27 years.  After consideration of the entire record, the United States Army Court of Criminal Appeals ("ACCA") affirmed Ackerman's convictions.

Ackerman petitioned the United States Court of Appeals for the Armed Forces ("CAAF") to grant review of his conviction.  His appellate counsel filed a supplement to the petition requesting the case be submitted on its merits.  In addition, Ackerman requested, in accordance with *United States v. Grostefon*, 12 M.J. 431, 437 (C.M.A. 1982) (permitting appellate counsel to raise issues

---

[1]Ackerman filed the writ of habeas corpus petition pursuant to 28 U.S.C. § 2254.  The district court determined that the petition was more appropriately considered a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This court agrees with the district court and similarly characterizes the writ as filed pursuant to § 2241.

personally sought by accused), that his sentence be allowed to run concurrently with a separate state sentence.

Ackerman's appellate counsel later moved for leave to file additional matters pursuant to *Grostefon*. In the motion, Ackerman asserted the following errors: (1) the evidence was insufficient to establish his guilt beyond a reasonable doubt[2]; (2) the government unreasonably delayed filing charges; (3) he was never tested to determine if he was mentally capable or competent to commit the crime; and (4) he only pleaded guilty in order to remain in the military court system. The CAAF denied Ackerman's motion for leave to file additional matters. Subsequently, the CAAF denied his petition for review.

Ackerman filed a petition for writ of habeas corpus in the United States District Court for the District of Colorado. He claimed: (1) the evidence was insufficient to establish his guilt; (2) there was delay in the filing of charges; and (3) he was unable to confront his accuser at the pretrial hearing and counsel was ineffective for failing to object on that basis. The magistrate judge recommended Ackerman's writ of habeas corpus be denied and the action be dismissed.

---

[2]This claim, as stated here and elsewhere in this order, generally encompasses Ackerman's challenges to the victim's statements and suspect description, the composite picture, the physical lineup, the eyewitness identification, the Criminal Investigation Command's suspect description, the victim's delay in stating she had been raped, the lack of identification or DNA evidence, and the failure to match evidence from the crime scene.

Ackerman objected to the magistrate's recommendations. The district court adopted the recommendation of the magistrate, denied Ackerman's writ of habeas corpus petition, and dismissed the case.

Ackerman, acting *pro se*, appeals the district court's decision. On appeal, he raises the following issues: (1) his counsel was ineffective for failing to perform an adequate investigation; (2) his counsel was ineffective for advising him to plead guilty; (3) his confession was involuntary because he was not read his *Miranda* rights until a week after his statement was made; (4) the government failed to provide evidence concerning the physical lineup and the lineup was conducted without counsel present; (5) the government did not have sufficient evidence; and (6) the government was not compelled to present the accuser at the pretrial hearing and his counsel failed to object.

## III.  DISCUSSION

This court has recognized that federal civil court review of habeas corpus petitions by military prisoners is proper. *Lips v. Commandant*, 997 F.2d 808, 810-11 (10th Cir. 1993). The inquiry and scope of the review is, however, "more narrow than in civil cases." *Id*. at 811 (quotation omitted). Accordingly, this court will only consider claims by military prisoners if they were not given "full and fair consideration" by the military courts. *Watson v. McCotter*, 782 F.2d 143, 144 (10th Cir. 1986). This court, however, will not review a habeas petitioner's

claims on the merits if the issue was not properly raised in the military courts. *Id.* at 145. Furthermore, if a petitioner raises an issue on appeal that was not included in the habeas petition, the issue will be deemed waived. *See Sierra v. INS*, 258 F.3d 1213, 1220 (10th Cir.), *cert. denied*, 534 U.S. 1071 (2001). If an issue is waived, a habeas petitioner may obtain relief only by showing cause and actual prejudice. *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003).

In this case, Ackerman failed to claim that the government did not provide him with evidence of the physical lineup results and that counsel was not present during the lineup before either the ACCA or the CAAF. Also, Ackerman did not raise before the military courts the issues of whether the government should have been compelled to present the accuser as a witness during the pretrial hearing and that counsel was ineffective for failing to object to this matter. Thus, this court will not consider these claims absent a showing of cause and prejudice.

This court deems waived Ackerman's assertions that his counsel was ineffective for failing to investigate his case and for advising him to plead guilty because Ackerman did not raise these claims in his application for habeas corpus relief. Additionally, Ackerman failed to raise the issue of whether his confession was given involuntarily in violation of *Miranda* in his habeas petition. The claim is, therefore, waived absent a showing of cause and prejudice.

Because Ackerman has failed to sufficiently demonstrate cause and prejudice, this court will not consider the claims that were neither raised in the military courts nor raised in his habeas petition to determine whether he is entitled to relief.

Thus, the only remaining issue for possible consideration on the merits is the sufficiency of the evidence. Ackerman raised the issue when he sought a motion for leave to file additional matters with the CAAF pursuant to *Grostefon*. The appeals court, however, denied Ackerman's motion without providing reasons for its denial. Even if the CAAF failed to give full and fair consideration, this court concludes that Ackerman's challenge to the sufficiency of the evidence lacks merit in light of the fact that he pleaded guilty. Because Ackerman did not contest in the military court or in his habeas petition that his guilty plea was not knowingly and voluntarily entered, his claim fails for substantially the same reasons as set forth in the recommendation of the magistrate judge which was adopted by the district court.

## IV.   CONCLUSION

Based upon the foregoing reasons, this court **AFFIRMS** the district court's

denial of Ackerman's petition for writ of habeas corpus.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3] This court grants the motion to proceed in forma pauperis.  The motion for a COA is denied; a COA is not necessary for an appeal of a final order in a 28 U.S.C. § 2241 proceeding involving a federal prisoner. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).