**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWIN MARK ACKERMAN,

Petitioner-Appellant,

v.

CARL ZENON, Warden of Arkansas
Valley Correctional Facility; UNITED
STATES DEPARTMENT OF THE
ARMY; COLORADO ATTORNEY
GENERAL,

Respondent-Appellee.

No. 05-1167
(D.C. No. 04-Z-2494)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Edwin Mark Ackerman, a military prisoner proceeding *pro se*, seeks review

of the district court's denial of his petition for a writ of habeas corpus under 28

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2241.[1] This is his second § 2241 application in federal court. He also seeks leave to proceed in forma pauperis (*ifp*) on appeal. Construing his application liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we deny the application to proceed *ifp* and dismiss the appeal.[2]

Mr. Ackerman pled guilty in court-martial proceedings to rape and larceny in violation of Articles 120 and 121 of the Uniform Code of Military Justice. *See* 10 U.S.C. §§ 920, 921. He was sentenced, in part, to life imprisonment, with confinement suspended after 27 years. The United States Army Court of Criminal Appeals (ACCA) affirmed his conviction, and the United States Court of Appeals for the Armed Forces (CAAF) denied his petition for review. He then filed his first petition for a writ of habeas corpus, claiming: 1) the victim could not help with identifying the suspect, the hair color of the identified suspect was different than his, and there was no DNA evidence located and no attempt to match the evidence taken at the scene of the crime; 2) the victim changed her original statement after she talked with a psychologist; 3) the victim was shown pictures of the assailant in November 1994 but he was not charged until March 1995; 4)

---

[1]Mr. Ackerman originally filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court construed the application as filed pursuant to § 2241. We agree with this characterization.

[2]Because Mr. Ackerman is a federal prisoner proceeding under § 2241, he does not need a certificate of appealability. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

the victim identified another suspect in a physical lineup on January 9, 1995; and 5) during the pretrial hearing, he was unable to confront his accuser and counsel failed to object. The district court denied the petition.

Mr. Ackerman appealed, and raised several new issues. *See Ackerman v. Novak*, 66 Fed. Appx. 158 (10th Cir. April 21, 2003). He asserted: 1) his counsel was ineffective for failing to perform an adequate investigation; 2) his counsel was ineffective for advising him to plead guilty; 3) his confession was involuntary because he was not read his *Miranda* rights until one week after he made his statement; 4) the government failed to provide evidence concerning the physical lineup and the lineup was conducted without counsel present; 5) the government did not have sufficient evidence; 6) the government was not compelled to present the accuser at the pretrial hearing and his counsel failed to object. We found that his fifth claim, regarding the sufficiency of the evidence, lacked merit because he pled guilty. We concluded that his first three claims were waived absent a showing of cause and prejudice because he had neglected to raise them in his writ petition. We also determined his fourth, fifth, and sixth claims had not been raised before the military courts and we therefore could not consider them without a showing of cause and prejudice.

Mr. Ackerman has now filed a second petition for a writ of habeas corpus to challenge the same conviction for rape and larceny. He raises the following

claims: 1) the victim failed to describe him as the suspect; 2) he was not read his *Miranda* rights; 3) evidence was available, but was not submitted, that would have established he was not identified in a physical line-up; 4) no DNA evidence was presented that would identify him as the suspect: 5) he was not allowed to confront the victim at the pretrial proceedings: 6) the commanding general illegally influenced the negotiations of his plea; and 7) there exists newly-discovered evidence that the victim failed to identify two tattoos on his upper body as identifiable marks. The magistrate judge ordered Mr. Ackerman to show cause why his petition should not be dismissed for raising claims already decided on the merits or as an abuse of the writ. The district court reviewed Mr. Ackerman's response to the order to show cause. It denied the petition after determining that Mr. Ackerman was attempting to restate claims previously adjudicated in federal court, and that he had not shown cause and prejudice for claims he had waived. Mr. Ackerman appeals, raising the same seven issues listed in his most recent petition.

We possess jurisdiction over applications for habeas corpus by military prisoners, but "the scope of matters open to review, has always been more narrow than in civil cases." *Lips v. Commandant*, 997 F.2d 808, 810-11 (10th Cir. 1993) (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953)). When a military decision has dealt "fully and fairly" with an allegation raised in a habeas petition, "it is not

open to a federal civil court to grant the writ simply to re-evaluate the evidence."
*Id.* at 811 (quoting *Burns*, 346 U.S. at 142). We will ordinarily not review a petitioner's claims on the merits if the issue was not properly raised in the military courts. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). If an issue is waived, a petitioner must demonstrate cause and actual prejudice in order to obtain relief. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003).

In addition,

> [a] second or successive [petition] may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

*Parks v. Reynolds*, 958 F.2d 989, 994 (10th Cir. 1992) (citation omitted). We review a successive application for relief on claims already considered and rejected by a federal court only in the rare instance when "the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

We agree with the district court that Mr. Ackerman is seeking to relitigate several claims. In particular, his first, third, and fourth claims were all raised in his first petition in federal court and decided on the merits. As a result, they are barred from review without a showing of factual innocence. Because he pled

-5-

guilty, he cannot now claim he is factually innocent. *Cf. Adam v. United States*, 274 F.2d 880, 883 (10th Cir. 1960) (applying rule that a guilty plea admits all facts in an indictment and that after entry of plea and imposition of sentence, a judgment is not subject to [collateral attack] on the ground that as a factual matter the accused was not guilty of the offense charged).

Mr. Ackerman's remaining claims were never raised before the military courts. As a result, the claims are waived. We may only consider them if Mr. Ackerman demonstrates cause for failing to raise these issues earlier, and actual prejudice resulting from these alleged errors. Mr. Ackerman does not demonstrate that he suffered actual prejudice, and we therefore cannot review these claims on their merits.

Finally, in order to obtain leave to proceed *ifp*, Mr. Ackerman is required to demonstrate not only a financial inability to pay the required fees but also "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). Although a § 2241 petition is not a "civil action" for purposes of 28 U.S.C. § 1915(a)(2) and (b), a petitioner still must comply with the good faith requirements of § 1915(a)(3) and FED. R. APP. P. 24(a)(3)(A), and the appeal is subject to dismissal if shown to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *McIntosh*, 115 F.3d at 812. The district court certified

that the appeal was not taken in good faith and denied leave to proceed *ifp* on appeal. Because Mr. Ackerman has failed to show the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal, we also deny leave to proceed *ifp*.

For substantially the same reasons as the district court, we **DENY** leave to proceed *ifp* and **DISMISS** the appeal.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3]Mr. Ackerman has separately filed a self-styled "En Banc Motion for a New Trial" in which he seeks a new trial, or in the alternative a hearing, due to newly-discovered evidence. We lack jurisdiction to consider this application until it has been raised before and decided by the proper military court.