**F I L E D**

<u>PUBLISH</u>

**March 15, 2007**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWIN MARK ACKERMAN,

Movant,

v.

No. 06-1464

JUANITA NOVAK, Warden,

Respondent.

---

**ORDER**

---

Before **KELLY**, **HENRY**, and **LUCERO**, Circuit Judges.

---

**PER CURIAM**.

---

Movant Edwin Mark Ackerman has filed a motion for leave to file a second

or successive habeas petition under 28 U.S.C. § 2254, requesting permission to

file a third collateral challenge to his 1995 military conviction. Mr. Ackerman's

motion is dismissed as unnecessary.

I. <u>Procedural Background</u>

In 1995, Mr. Ackerman pleaded guilty in general "court-martial

proceedings to rape and larceny in violation of Articles 120 and 121 of the

Uniform Code of Military Justice." *Ackerman v. Novak*, 66 F. App'x 158, 159 (10th Cir. 2003). He was sentenced, in part, to life imprisonment with confinement suspended after twenty-seven years. *Id.* The United States Army Court of Criminal Appeals affirmed his convictions, and the United States Court of Appeals for the Armed Forces denied his petition for review. *Id*.

Mr. Ackerman filed his first habeas petition challenging his military conviction in 2000. He erroneously filed the petition under § 2254, and the district court correctly construed the filing as a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. *Ackerman*, 66 F. App'x at 159 n.1. In this first habeas petition, Mr. Ackerman claimed: "(1) the evidence was insufficient to establish his guilt; (2) there was delay in the filing of charges; and (3) he was unable to confront his accuser at the pretrial hearing and counsel was ineffective for failing to object on that basis." *Id*. at 160. The district court denied the writ, and this court affirmed. *Id*. at 160-61.

In 2001, Mr. Ackerman filed a second habeas petition challenging his military conviction. Again, he incorrectly filed it under § 2254, and the district court correctly construed it as a § 2241 petition. *Ackerman v. Zenon*, 150 F. App'x 772, 773 n.1 (10th Cir. 2005). In this second petition, Mr. Ackerman claimed:

> 1) the victim failed to describe him as the suspect; 2) he was not read his *Miranda* rights; 3) evidence was available, but was not submitted, that would have established he was not identified in a physical

line-up; 4) no DNA evidence was presented that would identify him as the suspect; 5) he was not allowed to confront the victim at the pretrial proceedings; 6) the commanding general illegally influenced the negotiations of his plea; and 7) there exists newly-discovered evidence that the victim failed to identify two tattoos on his upper body as identifiable marks.

*Id*. at 774.

The district court denied the petition, and this court dismissed the appeal. *Id*. at 774-76. We held that Mr. Ackerman's first, third and fourth claims had been raised in his first petition and were barred as successive absent a showing of factual innocence, which he could not show because he pleaded guilty. *Id*. at 775. Further, his remaining claims had not been raised before the military courts and were deemed waived. *Id*. This court characterized Mr. Ackerman's appeal as frivolous. *Id*. at 775-76.

II. Section 2241 is the Proper Means to Challenge Military Conviction

Mr. Ackerman has now filed a motion in this court seeking authorization to file a second or successive § 2254 habeas petition to challenge, for the third time, his military guilty-plea conviction. As we have now twice informed Mr. Ackerman, however, the proper means for him to collaterally challenge his 1995 military conviction is to file a § 2241 petition for a writ of habeas corpus, not a § 2254 petition. *See Clinton v. Goldsmith*, 526 U.S. 529, 537 n.11 (1999) (citing § 2241(c) as authority for the proposition that habeas corpus is available to service members in custody pursuant to a court-martial); *Witham v. United*

*States*, 355 F.3d 501, 505 (6th Cir. 2004) (noting that § 2241 is the proper means to collaterally attack a court-martial conviction).  Under § 2241, federal courts have authority to issue a habeas corpus writ to prisoners "in custody under or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1).[1]  In contrast, § 2254 is the means by which a prisoner "in custody pursuant to the judgment of a [s]tate court" can seek habeas relief from a state-court judgment.  *See* 28 U.S.C. § 2254(a).  Mr. Ackerman seeks to challenge his military conviction; thus, § 2254 is inapplicable.[2]

### III.  Is Circuit Court Authorization Required to File a Second § 2241 Petition?

#### A.  Generally

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), authorization from the appropriate circuit court of appeals is required before a state prisoner may file a second or successive § 2254 habeas petition, or before a federal prisoner may file a second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2244(b)(3); *id*. § 2255 para. 8.  This court has not yet addressed,

---

[1]     Federal civil courts have only limited authority to review court-martial proceedings, however.  *See Burns v. Wilson*, 346 U.S. 137, 139-42, 144 (1953). If the military courts have fully and fairly reviewed the military prisoner's claims, the federal civil courts cannot review them.  *See Roberts v. Callahan*, 321 F.3d 994, 995-96 (10th Cir. 2003) (setting forth four factors to be considered in determining whether a federal civil court can review a court-martial proceeding).

[2]     A motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is also unavailable to Mr. Ackerman "because the court-martial immediately dissolves after sentencing and is no longer available later to hear a collateral attack on the sentence."  *Witham*, 355 F.3d at 505.

-4-

however, whether a similar appellate-court pre-authorization requirement applies before a prisoner may file a second or successive writ of habeas corpus under § 2241.

Prior to AEDPA, this court held in *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995), that "a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." We based this holding on the pre-AEDPA version of 28 U.S.C. § 2244(a), which stated:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

*George*, 62 F.3d at 334 (quoting pre-AEDPA version of § 2244(a)).

AEDPA amended § 2244(a) in 1996 to now read:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, **except as provided in section 2255**.

28 U.S.C. § 2244(a) (emphasis added).

The reference to § 2255 in the AEDPA-amended version of § 2244(a) appears to incorporate the appellate pre-authorization gatekeeping requirements of

§ 2255 para. 8, which sets forth the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3). We do not decide this issue, however, because we conclude, for the reasons discussed below, that § 2244(a) does not apply when a prisoner is challenging a military court-martial conviction.

B.  Section 2241 Challenge to a Military Court-Martial Conviction

Section 2244(a) applies by its terms only to a petitioner who is in detention "pursuant to a judgment of a court of the United States." *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99, 398 n.13 (6th Cir. 2003) (holding that § 2244(a) does not apply to a § 2241 petition brought by an INS detainee); *see also Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (same, holding that INS detainee is not in custody pursuant to a judgment of a "court of the United States"). Under 28 U.S.C. § 451, which is a definition applicable to all of Title 28 of the United States Code, the term "court of the United States" is defined as "the Supreme Court of the United States, courts of appeals, district courts . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." *Id*.[3]  The phrase "court of the United States," as

_____

[3]    28 U.S.C. § 451 states:

As used in this title:

The term "court of the United States" includes the Supreme
(continued...)

-6-

used in Title 28 and § 451, has been held to denote Article III courts,[4] whose judges have life tenure and may be removed only by impeachment. *See In re Volpert*, 110 F.3d 494, 498 (7th Cir. 1997) (stating that "because the 'good behavior' language contained in § 451 mirrors that contained in Article III, it is reasonable to infer that the phrase 'court[s] of the United States' denotes Article III courts whose judges have life tenure and may be removed only by impeachment" (citing *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893 (9th Cir. 1992)); *see also N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59 (1982) ("The 'good Behaviour' Clause guarantees that Art. III judges shall enjoy life tenure, subject only to removal by impeachment.").

The court has not been directed to, nor has it been able to locate, any case directly holding that a military justice court is not a "court of the United States"

---

[3](...continued)
> Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

> * * *

> The term "judge of the United States" includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior.

[4]      "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish," and "[t]he Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour . . . ." U.S. Const., art. III, § 1.

as that term is defined in § 451 and used in § 2244(a). The Court of Military Appeals, now the United States Court of Appeals for the Armed Services, did hold that the term "judge of the United States," as defined in § 451 as "judges of . . . any court created by Act of Congress, the judges of which are entitled to hold office during good behavior," is inapplicable to military judges. *United States v. Rachels*, 6 M.J. 232, 234 (C.M.A. 1979). The government's position, given in response to the court's request for supplemental briefing, is that a military justice court is not a "court of the United States" under § 2244(a) and § 451 because military judges are not entitled to hold office during good behavior. We agree with the government's position.

"Military law . . . is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Burns v. Wilson*, 346 U.S. 137, 140 (1953). Military courts are legislative courts, established under Article I, Section 8, Clause 14 of the Constitution, which grants Congress the power "[t]o make Rules for the Government and Regulation of the land and naval Forces." *See, e.g.*, *Gosa v. Mayden*, 413 U.S. 665, 686 (1973) ("a military tribunal is an Article I legislative court with jurisdiction independent of judicial power created and defined by Article III"). Pursuant to its Article I authority, *see Solorio v. United States*, 483 U.S. 435, 438-39 (1987), Congress enacted the Uniform Code of Military Justice, 10 U.S.C. §§ 801 to 950, which established

"an integrated system of military courts and review procedures." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975).

"At the trial level are the courts-martial . . . ." *Weiss v. United States*, 510 U.S. 163, 167 (1994). Courts-martial are ad hoc tribunals that are called into existence by order of a commander, called a convening authority, for the purpose of considering a set of charges that the commander has referred to the court. *See Manual for Courts-Martial, United States*, Rules for Courts-Martial (R.C.M.) 504(a) (2005 ed.) ("A court-martial is created by a convening order of the convening authority."), and R.C.M. 601(a) ("Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial."); *see also McClaughry v. Deming*, 186 U.S. 49, 64 (1902) (a court-martial "is a special body convened for a specific purpose, and when that purpose is accomplished its duties are concluded and the court is dissolved"); *Witham*, 355 F.3d at 505 ("General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved"). The Supreme Court, noting that "[t]he military is a specialized society separate from civilian society with laws and traditions of its own," has recognized that "the acts of a court martial, within the scope of its jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise," with the limited exception for collateral attack seeking a declaration that a

judgment is void "because of lack of jurisdiction or some other equally fundamental defect." *Schlesinger*, 420 U.S. at 746-47, 757 (quotations omitted).

A general courts-martial, which is the only type of court-martial "authorized to impose penalties of more than one year's incarceration," *Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2805 (2006) (Breyer, J., concurring), "consists of either a military judge and at least five members, or the judge alone if the accused so requests," *Weiss*, 510 U.S. at 167; 10 U.S.C. § 816(1). "The military judge . . . acts as presiding officer at a . . . general court-martial." *Weiss*, 510 U.S. at 167 (citing 10 U.S.C. § 826). "The judge rules on all legal questions, and instructs court-martial members regarding the law and procedures to be followed." *Id*. (citing 10 U.S.C. § 851). A military judge "may perform such duties only when he is assigned and directly responsible to the Judge Advocate General, or his designee . . . ." 10 U.S.C. § 826(c). He "may perform duties of a judicial or nonjudicial nature other than those relating to his primary duty as a military judge of a general court-martial when such duties are assigned to him by or with the approval of that Judge Advocate General or his designee." *Id*. In short, a military judge must be detailed to each general court-martial, *Weiss*, 510 U.S. at 175 ("military judges do not have any inherent judicial authority separate from a court-martial to which they have been detailed," (quotation omitted)), and can be readily assigned or reassigned to adjudicate cases, or

transferred to entirely nonjudicial tasks, at the discretion of the Judge Advocate General.  *Id*. at 176.

In contrast to Article III judges who hold office during good behavior, Article I military judges do not hold office during good behavior.  *See id.*, 510 U.S. at 168 ("Military trial judges . . . do not serve for fixed terms and may perform judicial duties only when assigned to do so by the appropriate Judge Advocate General."); *id.* at 193 n.8 (Souter, J., concurring) (noting that "military judges are removable for a broad array of reasons"); *O'Callahan v. Parker*, 395 U.S. 258, 264 (1969) ("The presiding officer at a court-martial is not a judge whose objectivity and independence are protected by tenure and undiminishable salary and nurtured by the judicial tradition . . . ."), *overruled on other grounds by Solorio*, 483 U.S. at 436; *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 17 (1955) ("[T]he Constitution does not provide life tenure for those performing judicial functions in military trials.  They are appointed by military commanders and may be removed at will."); *cf. In re Grabill Corp.*, 976 F.2d 1126, 1129 (7th Cir. 1992) (Easterbrook, J., dissenting from denial of rehearing en banc) (noting that judges in the military do not hold office "during good Behavior").

Returning then to the definition of a "court of the United States" under § 451, we conclude that, although military justice courts are established by an Act of Congress, military judges are not entitled to hold office during "good behavior," and are not, therefore "court[s] of the United States" under § 451.

-11-

This position is consistent with this circuit's holding that a bankruptcy court is not a "court of the United States" under § 451 and 28 U.S.C. § 1927 because bankruptcy judges hold office for a term of fourteen years, not under lifetime appointment. *Jones v. Bank of Sante Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1086 (10th Cir. 1994). It is also consistent with other circuits that have concluded that courts whose judges are not entitled to hold office during "good behavior" do not come within the definition of a "court of the United States" under § 451 and, thus, Title 28. *See Nobles v. Comm'r*, 105 F.3d 436, 438 (9th Cir. 1997) (holding that a tax court judge is not a "judge of the United States" under § 451 because its judges serve for a fixed fifteen-year term); *Matthews v. United States*, 72 Fed. Cl. 274, 277 (2006) (noting that the United States Court of Federal Claims does not meet the definition of a "court of the United States" under § 451, because, even though it was created by an Act of Congress, its judges were appointed for limited terms and were not, therefore, entitled to hold office during good behavior, but noting that 28 U.S.C. § 2503(b), granted court authority to act under some specified provisions of Title 28).

Thus, under § 2244(a), a prisoner convicted by a military court-martial is not in detention "pursuant to a judgment of a court of the United States." *Id*. Because § 2244(a) does not apply to Mr. Ackerman, there is no basis to conclude

that he needs to obtain authorization from this court to file his proposed § 2241

petition in the district court.

Therefore, we DISMISS Mr. Ackerman's motion for leave as unnecessary.