FILED
United States Court of Appeals
Tenth Circuit

**July 17, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK FARNHAM,

      Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; ROBERT
LAMBERT, Director of Wyoming
Department of Corrections; BRUCE
A. SALZBURG, Wyoming Attorney
General,

      Respondents-Appellees.

No. 09-8033

(D.C. No. 08-CV-0123-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Mark Farnham, a Wyoming state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2241 petition for federal habeas relief. Because we conclude that Farnham has failed to properly exhaust his state court remedies, we grant a COA, reverse the judgment of the district court, and remand with instructions to dismiss Farnham's petition without prejudice.

I

*Factual background*

In 1982, Farnham pled guilty in Wyoming state court to a charge of attempted second degree murder and was sentenced to a term of life imprisonment. On three separate occasions between August 1983 and August 1992, while serving his sentence at the Wyoming State Penitentiary (WSP), Farnham was found by WSP officials to have violated WSP rules by attempting to escape, assaulting another inmate with a piece of wood, and threatening another inmate with a hammer. Under a Wyoming statute enacted after Farnham's 1982 conviction, those disciplinary violations rendered Farnham ineligible for parole. See Wyo. Stat. Ann. § 7-13-402(b) ("A prisoner is not eligible for parole if he has . . . [m]ade an assault with a deadly weapon upon any . . . inmate of any institution" or "[e]scaped, attempted to escape or assisted others to escape from any institution"). Despite the disciplinary violations, however, Farnham remained eligible for commutation of his sentence by the Governor of the State of

2

Wyoming.

Under Wyoming state law, the Wyoming Board of Parole (Board) is authorized to "make recommendations to the governor to grant commutations of sentences . . . ." Wyo. Stat. Ann. § 7-13-401(f). At the time of Farnham's conviction, the Board's rules required it to recommend commutation if the majority of a three-member panel voted to do so. ROA, Vol. 1 at 53, 106. Operating under those rules, the Board made four commutation recommendations; the Governor accepted one recommendation and rejected three. In particular, in 1992 the Governor, acting pursuant to the Board's recommendation, commuted Farnham's sentence from life to a term of seventy to eighty-five years.

At some point prior to June 2001, the Board changed its rules to require the majority vote of a three-member panel, followed by the majority vote of a quorum of the Board, before sending a commutation recommendation to the Governor. In June 2001, a three-member panel voted to recommend commutation of Farnham's sentence to time served. A quorum of the Board, considering the panel's vote, agreed to recommend commutation, but altered the precise recommendation from time served to a ten-year reduction of both Farnham's minimum and maximum sentences. The Governor subsequently adopted this recommendation in part and commuted Farnham's sentence to a minimum term of sixty-five years, six months, and twenty days, and to a maximum term of seventy-five years.

In June 2005, a three-member panel voted to recommend a commutation of

3

Farnham's minimum and maximum sentences to reduce each of them by thirty years. A quorum of the Board, however, disagreed, and thus no such recommendation was made to the Governor.

In 2006, the Board changed its rules to require the unanimous vote of a three-member panel, followed by the majority vote of a quorum of the Board, before sending a commutation recommendation to the Governor. On July 11, 2007, a three-member panel unanimously voted to recommend that Farnham's minimum sentence be reduced by ten years. Before the Board voted on that recommendation, however, it twice changed its rules, first to relax the panel voting requirement (from unanimity to a majority), and then to eliminate the necessity of a quorum Board vote. These rule changes effectively returned the Board to the practice in place at the time of Farnham's conviction. The July 11, 2007 recommendation of the three-member panel was never, however, forwarded to the Governor because the Board concluded that, due to Farnham's ineligibility for parole, a reduction of his minimum sentence would not affect his possibility for early release.

*Procedural background*

On May 9, 2008, Farnham initiated these proceedings by filing a pro se petition for federal habeas relief.[1] Farnham's petition, together with his

---

[1] Although Farnham's petition was nominally filed pursuant to 28 U.S.C. § 2254, it is properly characterized as requesting relief pursuant to 28 U.S.C. §

(continued...)

subsequently filed district court pleadings, challenged the constitutionality of (1) the Wyoming statute, Wyo. Stat. Ann. § 7-13-402(b), that rendered him ineligible for parole, (2) the Board's changes to its commutation recommendation procedures, and (3) the WSP's implementation of so-called "Pre-Parole Board" hearings or "Team Reviews" wherein members of the WSP staff would decide what, if anything, the institution would recommend to the Board on a prisoner's behalf. According to Farnham, all three of these components violated the Ex Post Facto Clause of the United States Constitution. Farnham also alleged due process and equal protection violations.

Respondent moved for summary judgment with respect to Farnham's constitutional challenges to the Board's procedural changes. Respondent's motion was silent, however, with respect to Farnham's other claims. Farnham, in turn, moved for summary judgment with respect to all of his claims.

On March 11, 2009, the district court issued an order denying Farnham's petition for writ of habeas corpus. Like respondent's summary judgment motion, the district court's order discussed only Farnham's constitutional challenges to the Board's procedural changes. In other words, the district court's order made no mention of Farnham's constitutional challenges to Wyo. Stat. Ann. § 7-13-

---

[1](...continued)
2241 because it sought to challenge the execution of Farnham's sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

5

402(b) and the WSP's procedural changes. Nor did the district court's order consider whether Farnham had properly exhausted his state court remedies.

Farnham has since filed a timely notice of appeal and an application for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 of § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Unlike habeas petitions filed pursuant to § 2254, "[n]o statutory exhaustion requirement applies to [petitions filed pursuant to] § 2241 . . . ." Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Nevertheless, we have held that

6

"[a] habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies." Wilson v. Jones, 430 F.3d 113, 1118 (10th Cir. 2005). Here, although neither respondent nor the district court raised the issue of exhaustion, it is readily apparent from reviewing the record that Farnham made no effort prior to filing this action to pursue his claims in Wyoming state court. Indeed, Farnham conceded as much in his district court pleadings.[2] ROA, Vol. 1 at 6 ("Petitioner has not filed any Petitions, Applications, or Motions in any courts, state or federal, with respect to the claims he presents in this Petition."). Accordingly, we conclude the proper course of action is to grant Farnham's application for COA, reverse the judgment of the district court, and remand with directions to dismiss the petition without prejudice due to Farnham's failure to exhaust.[3]

---

[2] In his petition, Farnham attempted to excuse his failure to exhaust by claiming that Wyoming "state law d[id] not allow for judicial review of Wyoming Board of Parole's rules, procedures, or decisions . . . ." ROA, Vol. 1 at 10. But Farnham was clearly mistaken in this regard. Although the Wyoming statute outlining the powers and duties of the Board provides that "[t]he promulgation of substantive rules by the board, the conduct of its hearings and its final decisions are specifically exempt from all provisions of the Wyoming Administrative Procedure Act," Wyo. Stat. Ann. § 7-13-402(f), that statutory provision does not preclude a state prisoner, such as Farnham, from challenging in Wyoming state court the constitutionality of Board actions. See, e.g., Merchant v. State Dep't of Corr., 168 P.3d 856 (Wyo. 2007) (addressing inmate's equal protection challenge to Board of Parole's denial of opportunity to earn special good time credit).

[3] To be sure, we have serious doubts as to the viability of Farnham's ex post facto challenges to the Board's procedural changes, and Farnham's failure to exhaust those claims would not preclude us from denying Farnham a COA as to

(continued...)

7

The request for a COA is GRANTED, the judgment of the district court is REVERSED, and the matter is REMANDED to the district court with directions to dismiss Farnham's habeas petition without prejudice. Farnham's motion for leave to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3](...continued) those claims. However, because it remains unsettled whether a prisoner may file a second or successive writ of habeas corpus pursuant to § 2241 without appellate court preauthorization, see Ackerman v. Novak, 483 F.3d 647, 649-50 (10th Cir. 2007), we conclude the most prudent course of action, given Farnham's pro se status, is to remand with directions to the district court to dismiss the Farnham's entire petition without prejudice.