UNITED STATES COURT OF APPEALS

**August 18, 2011**

**TENTH CIRCUIT**

DAVID CHRISTIAN,

        Petitioner-Appellant,

v.

COMMANDANT, UNITED STATES
DISCIPLINARY BOARD,

        Respondent-Appellee.

No. 11-3079
(D.C. No. 5:08-CV-03060-RDR)
(D. of Kan.)

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

David Christian, proceeding pro se,[1] appeals the district court's denial of

his petition for habeas corpus under 28 U.S.C. § 2241. In military court,

Christian pleaded guilty to charges relating to multiple acts of sexual misconduct

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Christian is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

with underage females. In his § 2241 petition, he claims his guilty plea was not knowing and voluntary, his conviction and sentence were unconstitutional, and his counsel's assistance was ineffective.

We find these issues received full and fair consideration by the military courts. Therefore, we AFFIRM the denial of Christian's § 2241 petition.

## I. Background

Christian is a former active duty member of the United States Army. While on active duty, he committed multiple acts of sexual misconduct with underage females. He agreed to plead guilty to several counts of sexual misconduct on the condition his sentence would not be greater than fifteen years. Christian's plea agreement was based on the assumption the maximum penalty for his offenses included life without parole. Christian was sentenced to 15 years' confinement, a dishonorable discharge, a reduction in rank, and other penalties.

After Christian's guilty plea and sentencing, his case was forwarded to the United States Army Court of Criminal Appeals (ACCA) for review. Christian asserted four grounds for relief through new counsel and personally raised eleven additional grounds for relief. In a summary opinion, the ACCA held

> On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentences are AFFIRMED.

R. at 200.

Christian then petitioned the United States Court of Appeals for the Armed Forces (CAAF) for review of his conviction. The CAAF granted the petition and considered (1) whether life without parole was an authorized punishment at the time of Christian's offenses, and (2) whether Christian received ineffective assistance of counsel when trial counsel failed to seek credit for Christian's pre-trial confinement and advised Christian to affirmatively waive the issue. *United States v. Christian*, 63 M.J. 205, 206 (C.A.A.F. 2006). Christian was again represented by new counsel before the CAAF. The CAAF determined life without parole was an authorized sentence and concluded Christian's guilty plea was provident. Also, the CAAF found Christian's defense counsel was not ineffective when he made a tactical decision not to request credit for pre-trial confinement since there were reasonable grounds for the restrictions imposed on Christian. Christian petitioned the United States Supreme Court for a writ of certiorari and was denied.

While incarcerated at the Unites States Disciplinary Barracks in Fort Leavenworth, Kansas, Christian filed his § 2241 petition. The district court denied the petition, finding the military courts had given full and fair consideration of certain claims and rejected the remaining issues on the merits. This appeal followed.

## II. Discussion

### A.    Standard of Review

A federal prisoner may obtain habeas corpus relief under § 2241 if he can demonstrate he "is in custody in violation of the Constitution or laws . . . of the United States."[2]  28 U.S.C. § 2241(c).  A § 2241 petition is the proper means to collaterally challenge a conviction in military court.  *Ackerman v. Novak*, 483 F.3d 647, 649 (10th Cir. 2007); *see also Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than the exception when a military prisoner seeks to challenge the results of his court martial.").

We review a district court's denial of a § 2241 habeas petition de novo. *Fricke v. Sec'y of the Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007).  But our review of military court proceedings is very limited.  *See Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.*  "The limited function of the civil court is to determine whether the military have given fair consideration to each of the petitioner's claims." *Thomas v. U.S. Disciplinary Barracks*, 625

---

[2]  After the district court's denial of his § 2241 petition, Christian was released from detention at Fort Leavenworth.  His petition is not moot, however, because he continues to suffer collateral consequences of his conviction, including sex offender registration requirements. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).

F.3d 667, 670 (10th Cir. 2010); *see also Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

"To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Thomas*, 625 F.3d at 670–71 (citing *Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990)). "While we continue to apply this four-part test, our recent cases have emphasized the fourth consideration as the most important." *Id.* at 671. In addition, we have "consistently held full and fair consideration does not require a detailed opinion by the military court." *Id.* Even when the military court summarily disposes of an issue, if the issue was briefed and argued before the military court, the issue was given fair consideration. *Id.*

## B.    Military Court Consideration of Christian's Claims

Christian raises four issues[3] on appeal: (1) whether his guilty plea was improvident because it was not informed, knowing, and voluntary, (2) whether he

---

[3] Christian raised five issues in his § 2241 petition below. However, on appeal, he has withdrawn his fifth claim for relief, which argued he was denied effective assistance of counsel when the Army's Defense Appellate Division failed to provide representation before the United States Supreme Court.

received ineffective assistance when defense counsel advised him the maximum possible sentence was life without parole, (3) whether his conviction and sentence were unconstitutional due to an *ex post facto* application of the law, and (4) whether he received ineffective assistance when defense counsel failed to request credit for Christian's allegedly illegal pretrial restraint and advised Christian to waive the issue.

After a careful review of the record and proceedings before the military courts, we conclude the military courts gave full and fair consideration to Christian's claims. The claims were briefed and argued before both the ACCA and the CAAF. Although the ACCA summarily affirmed Christian's conviction, it noted that it considered the entire record and arguments raised by Christian. In addition, the CAAF issued a thorough written opinion affirming the ACCA. Christian does not argue his claims failed to receive full and fair consideration before the military courts but merely attacks the merits of the military court decisions.

While Christian raises four issues on appeal, and the CAAF only discussed two discrete issues in its opinion, all four issues still received full and fair consideration. Christian's first three issues all rest on the argument that the sentence of life without parole was inapplicable to Christian's offenses at the time he committed them. The CAAF considered this argument and determined this sentence was an "authorized punishment" at the time of Christian's offenses.

*Christian*, 63 M.J. at 207. Accordingly, the CAAF concluded Christian's "guilty plea was provident" and he "was not misled as to the maximum permissible punishment of [life without parole]." *Id.* at 209. Thus, the military courts gave full and fair consideration of Christian's claim that life without parole was not an authorized sentence at the time of his offenses.

Even if the military courts did not give full and fair consideration to the two issues not specifically addressed by the CAAF, the claims have no merit. The CAAF concluded life without parole was an authorized sentence at the time of Christian's offenses. Therefore, Christian's counsel did not render ineffective assistance when he provided Christian with the *correct* information that he faced a maximum sentence of life without parole. And Christian's sentence and conviction were not an unconstitutional *ex post facto* application of the law because life without parole was an authorized sentence.

As to Christian's fourth issue on appeal, the CAAF expressly addressed whether trial counsel was ineffective for not seeking credit for pre-trial confinement. The CAAF determined Christian's defense counsel "could reasonably conclude that the initial restrictions imposed on [Christian] upon his return to the military post were not tantamount to confinement" and any claim "may be held meritless at trial." *Id.* at 210. The court found his counsel "appears to have made a reasonable tactical decision" of arguing pre-trial confinement as a mitigating factor at sentencing rather than requesting credit for any confinement.

-7-

*Id.* Thus, Christian's argument that his counsel provided ineffective assistance for not seeking credit for pre-trial confinement was given full and fair consideration by the military courts.

### III.  Conclusion

Because the military courts gave full and fair consideration to Christian's claims, we AFFIRM the district court's denial of Christian's § 2241 petition.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge