FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIE L. DAVIS,

      Petitioner - Appellant,

v.

JACK FOX,

      Respondent - Appellee.

No. 17-1247
(D.C. No. 1:17-CV-01126-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ, HOLMES** and **BACHARACH**, Circuit Judges.
_____

The petitioner, Mr. Willie L. Davis, is a federal prisoner in Colorado.

He sought habeas relief under 28 U.S.C. § 2241, but the district court

ordered dismissal based on a lack of statutory jurisdiction. On appeal, Mr.

_____

[*]    Mr. Davis does not request oral argument, and Mr. Fox has not appeared in the appeal. As a result, we are deciding the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Davis argues that statutory jurisdiction exists because 28 U.S.C § 2255 is not adequate or effective. We disagree and affirm the dismissal.

## I.    Background

Mr. Davis was convicted of using a firearm during the commission of a crime of violence. 18 U.S.C. § 924(c)(1)(A); *United States v. Davis*, No. 07-cr-20042-STA-1, ECF No. 63 (W.D. Tenn. Aug. 6, 2009). After unsuccessfully appealing, Mr. Davis filed a motion under 28 U.S.C. § 2255, but the district court denied relief. *Davis v. United States*, No. 12-cv-02010-STA-cgc, ECF No. 25 (W.D. Tenn. Mar. 30, 2015).

Mr. Davis then sought permission from the Sixth Circuit to file a second or successive § 2255 motion. When the court denied permission (*In re: Davis*, No. 16-6191 (6th Cir. Oct. 28, 2016)), Mr. Davis filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. But this application was also denied. *See Davis v. Fox*, No. 16-cv-02095-SMH-tmp, ECF No. 21 at 9 (W.D. Tenn. Mar. 31, 2017).

This denial led to the petition underlying this appeal: a request for habeas relief under 28 U.S.C. § 2241. *See Davis v. Fox*, No. 17-cv-01126-LTP, ECF No. 9 (D. Colo. June 28, 2017).

## II.    Standard of Review

Our review is de novo. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

2

**III.  The Availability of Habeas Proceedings Under 28 U.S.C. § 2241**

Federal prisoners may challenge the execution of sentences by filing habeas petitions under § 2241. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). But a § 2241 petition generally cannot be used to challenge the legality of a conviction. *Id.*; *see Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011). Instead, the defendant must ordinarily challenge the conviction under 28 U.S.C. § 2255. *Prost*, 636 F.3d at 580.

A prisoner is generally entitled to only one adequate and effective opportunity under § 2255 to test the legality of his imprisonment. *Id*. at 586. But a prisoner can proceed under 28 U.S.C. § 2241 if "the remedy by [the § 2255] motion is inadequate or ineffective to test the legality of [the] [imprisonment]." 28 U.S.C. § 2255(e). A § 2255 motion will usually be considered adequate and effective to test the legality of imprisonment. *See Brace*, 634 F.3d at 1169; *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

To determine whether the remedy in § 2255 is adequate and effective, we inquire "whether a petitioner's argument challenging the legality of his [imprisonment] could have been tested in an initial § 2255 motion." *Prost*, 636 F.3d at 584. Under this inquiry, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a prisoner may properly file a § 2241 petition. *Id*. at 588. The remedy is absent, for example, when the sentencing court is abolished or the conviction takes place in a court-

martial proceeding. *See Ackerman v. Novak*, 483 F.3d 647, 649 (10th Cir. 2007) (per curiam) (noting that a § 2241 petition is the proper means to challenge a conviction after a court martial); *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (holding that the district court had properly entertained a habeas petition, instead of a § 2255 motion, when the sentencing court had been abolished).

Mr. Davis argues that he is innocent and that his sentence violates the U.S. Constitution. But Mr. Davis enjoyed an adequate and effective opportunity to challenge his conviction in his initial § 2255 motion. "'Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

## IV.   Conclusion

Because Mr. Davis had an opportunity to challenge the legality of his conviction in an earlier proceeding under a § 2255 motion, the remedy under § 2255 is not inadequate or ineffective. Thus, we affirm the dismissal of the petition.

Entered for the Court

Robert E. Bacharach
Circuit Judge

4