## SCOTT v. WELCH.
### No. 6344.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1951.

Decided Nov. 27, 1951.

Charles Scott, pro se, on brief.

David E. Satterfield, III, Asst. U. S. Atty., Richmond, Va. (George R. Humrickhouse, U. S. Atty., Richmond, Va., on brief), for appellee.

Before PARKER Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus. Appellant is confined in the District of Columbia Reformatory at Lorton, Virginia, under a sentence imposed by the United States District Court for the District of Columbia. In his petition for the writ of habeas corpus, he complains that he was denied various constitutional rights in connection with his arrest, imprisonment and trial, that he filed a motion under 28 U.S.C. § 2255 to vacate the judgment and set aside the sentence, which was denied, and that application to appeal in forma pauperis from the denial of the motion was denied on the ground that the appeal was not taken in good faith. Subsequently the petition for habeas corpus was filed in the court below. We think it clear that the petition for habeas corpus was properly denied as an attempt to use that writ in lieu of an appeal to review the proceedings leading to conviction; but, apart from this, it was properly denied since it nowhere appears that the motion under 28 U.S.C. § 2255 was "inadequate or ineffective" to test the legality of prisoner's detention. The section provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Directly in point is the decision of this court in Meyers v. Welch, 4 Cir., 179 F.2d 707, 708, where we said: "Appellant was imprisoned for the service of his sentence in the Eastern District of Virginia; and, after the denial of the motion under 28 U. S.C.A. § 2255 by the trial court, he filed in the District Court of that District the application for writ of habeas corpus from denial of which this appeal is taken. We think that the application was properly denied. In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus."

The fact that appellant has been denied the right to prosecute in forma pauperis an appeal from the denial of the motion because not taken in good faith does not mean that the motion was inadequate or ineffective to test the validity of the imprisonment. It means, on the contrary, that the motion was used for that purpose, that the imprisonment was held valid on the motion and that the judge was of opinion that appellant was not appealing in good faith from denial of the motion. Such denial of right to appeal in forma pauperis affords no basis for resort to habeas corpus.

Affirmed.