Paul W. GRANVILLE,
Petitioner-Appellant,

v.

Marvin HOGAN, Warden, U. S. Penitentiary, Respondent-Appellee.

No. 78–1487
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 16, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Paul W. Granville, pro se.

William L. Harper, U. S. Atty., William E. Turnipseed, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner who violated his parole, challenges the revoking of his good time credits by appellee in this habeas action. As this Court recently noted in *Lambert v. Warden et al.*, 591 F.2d 4, 8 (5th Cir. 1979) we see nothing in the legislative history of the Parole Commission and Reorganization Act, Pub. L. No. 94–233, 90 Stat. 219 (codified at 18 U.S.C. § 4201 *et seq.*) which indicates that Congress intended to alter the well-established rule that parole violators forfeit their good time credits and time spent on conditional release. *Lambert, supra,* at 8.

Petitioner also contends that the utilization of a magistrate delayed the judicial process, that his petition was not acted upon expeditiously, that he was entitled to a hearing, and that he was entitled to a court appointed attorney. As these argu-

ments are without merit, we affirm the district court's denial of habeas relief.

AFFIRMED.